J. S66039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEENAN COLEMAN, | : | No. 3969 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 1, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0002793-2011,
CP-51-CR-0002794-2011, CP-51-CR-0002820-2011

BEFORE: GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED MARCH 11, 2019**

Keenan Coleman appeals the December 1, 2017 order of the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the facts and procedural history, as follows:

> On August 27, 2012, this Court heard [appellant's] pre-trial motion to suppress his identification by Wakeeyah Powell. This Court held the motion under advisement and denied it on August 28, 2012. Following the motion, [appellant] elected to exercise his right to a jury trial and pled not guilty to the charges of Murder of the First Degree (H1) and Possession of Instrument of Crime ("PIC") (M1) on bill of information CP-51-CR-0002793-2011, Carrying Firearms Without a License (F3) on bill of information

CP-51-CR-0002794-2011, and Retaliation Against a Witness (F3) on bill of information CP-51-CR-0002820-2011.[1]   These charges arose from the shooting death of Tobias Berry on April 12, 2010 on the 700 block of Dekalb Street and the retaliation against Rashe Bellmon [("Bellmon")], a witness in the underlying Homicide case, on January 5, 2011 in the Criminal Justice Center in the City and County of Philadelphia.   On August 31, 2012, the jury found [appellant] guilty of the above listed charges.   At the conclusion of the trial, this court sentenced [appellant] to the mandatory term of Life imprisonment without parole on the homicide charge and did not impose any additional sentence on the remaining charges.

On September 4, 2012, [appellant] filed a notice of appeal to the Superior Court of Pennsylvania and the Court affirmed his convictions and judgment of sentence on April 22, 2014.   [Appellant] petitioned for **allocatur** to the Supreme Court of Pennsylvania, which the Court denied on October 29, 201[4].[2] On September 30, 2015, [appellant] filed the instant counseled PCRA Petition and subsequently filed a memorandum of law in support of the Petition on March 4, 2016.   On January 12, 2017, the Commonwealth filed a Motion to Dismiss and the matter was first listed before this Court for decision on March 10, 2017.   On January 30, 2017, [appellant] filed a Reply including a request to defer this Court's decision, pending the Supreme Court of the United States' ruling in **Weaver v. Massachusetts**, 137 S. Ct. 1899 (June 22, 2017). This Court granted the request and continued the matter to June 30, 2017.  On June 30, 2017, counsel advised this Court that [the] **Weaver** case had been decided and this Court listed the matter for decision on September 29, 2017.   On September 29, 2017, following a review of the record, this Court sent

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), 6106(a)(1), and 4953(c), respectively.

[2] **Commonwealth v. Coleman**, 102 A.3d 536 (Pa.Super. 2014) (unpublished memorandum), **appeal denied**, 102 A.3d 983 (Pa. 2014).

> [appellant] the instant 907 Notice, pursuant to Pa.R.Crim.P. 907(1). This Court did not receive any response to the 907 Notice. On December 1, 2017, this Court dismissed the PCRA petition. On December 13, 2017, this Court received a Notice of Appeal, in response to which it has submitted the instant Opinion.[3]

PCRA court opinion, 12/19/17 at 1-3[4] (footnote and underlining omitted).

Appellant raises the following issues for our review:

1. Was [a]ppellant deprived of the effective assistance of counsel when trial counsel failed to object or otherwise move to exclude extensive inadmissible hearsay and inadmissible bad acts/character evidence?

2. Was [a]ppellant deprived of the effective assistance of counsel and a fair trial when trial counsel failed to object to the prosecutor's closing argument which impermissibly reduced the burden of proof and improperly vouchsafed for the credibility of two prosecution witnesses?

3. Was [a]ppellant [d]eprived of the effective assistance of counsel and a fair trial when trial counsel failed to present proof supportive of the defense of actual innocence to a charge of witness retaliation?

4. Is not appellant entitled to relief under a "cumulative prejudice" standard?

Appellant's brief at 6.

---

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal.

[4] The PCRA court opinion is not paginated. We have numbered the pages consecutively to more easily identify them.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004).

Appellant's claims concern the ineffectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the petitioner] was prejudiced."

*Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011). Additionally, counsel is not ineffective for failing to raise a claim that is devoid of merit. *Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

Initially, appellant contends that he was deprived of effective assistance of counsel when trial counsel failed to object or otherwise move to exclude extensive inadmissible hearsay and inadmissible bad acts/character evidence. (Appellant's brief at 16.)

Hearsay is defined in Rule 801 of the Pennsylvania Rules of Evidence as "a statement that (1) the declarant does not make while testifying at the

current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c).

Appellant cites five instances during the trial where he believes that his counsel was ineffective because he failed to object to alleged hearsay statements.

In the first statement, appellant asserts that witness Wakeeyah Powell ("Powell") repeated inadmissible hearsay that police told her that they had "other people's statements [but] lost our original witness." Powell explained that when she gave an earlier statement that two men killed the victim, Tobias Berry, "They wanted me to say that these two young men killed Tobias or else because we already have other people's statements, we just lost our original witness." (Notes of testimony, 8/28/12 at 182.) Shortly thereafter, Powell again explained: "Y'all can't force me to see something that happened that I didn't see. Y'all can't find your original witness so y'all keep harassing me." (*Id.* at 196-197.) Once more, she referred to the Commonwealth's failure to "find your original witness." (*Id.* at 202.)

The PCRA court determined that Powell's statements did not constitute hearsay because they were not offered to prove the truth of the matter asserted in the statement. The PCRA court determined that Powell's statements were to explain why she made an earlier statement implicating appellant as the killer but was recanting the statement at trial. The PCRA court concluded that the explanations were part of her testimony that the

jury could use to assess her credibility. (PCRA court opinion, 12/19/17 at 10-11.) This court agrees. Appellant's claim has no merit. Therefore, counsel was not ineffective for failing to object to it. **Charleston**, 94 A.3d at 1020.

Appellant next contends that counsel was ineffective for failing to object when Powell testified that her friend told her that appellant and his co-defendant committed the crime. (Appellant's brief at 16-17.) Specifically, Powell testified regarding whether she testified at a preliminary hearing:

> I was getting high and a friend of mine's, I don't want to put her name out there, she's like, This is messed up around here, you know, seeing how things is [sic] going on, how they killed little Tobias. I went off, okay, because I loved him, I really did. I'm not trying to get these boys off or none of the above, but I'm not going to say something that I really did not see.

Notes of testimony, 8/28/12 at 215.

Once again, the PCRA court determined that Powell's statements did not constitute hearsay because they were not offered to prove the truth of the matter asserted in the statement but were offered to explain why Powell was recanting her original statement. This court agrees. Appellant's claim has no merit. Therefore, counsel was not ineffective for failing to object to it. **Charleston**, 94 A.3d at 1020.

Appellant next asserts that trial counsel was ineffective for failing to object when Hanif Hall ("Hall") testified that detectives told him that they

know "them [sic] two did it. . . ." (Notes of testimony, 8/28/12 at 287.) As with Powell's testimony, Hall explained why detectives talked to him in an effort, in his mind, to force him to make a statement about the killing. As with Powell, the PCRA court determined that Hall's explanation did not amount to hearsay, as it was not offered to prove the truth of the matter asserted but was offered to support Hall's recantation of his earlier statement. The claim that counsel was ineffective for failure to object to this statement has no merit. **Charleston**, 94 A.3d at 1020.

Appellant next makes a similar hearsay claim regarding Hall's statement that he knew the defendants and that "I didn't know that they killed him, that was just [the] word on the street." (**Id.** at 311.) Once again, this statement is not uttered to prove the truth of the matter asserted. Hall attempted to recant his earlier statement regarding the killing. Appellant's claim of ineffective assistance of counsel for failure to object to this testimony and for eliciting similar testimony from Hall on cross-examination (**id.** at 321-324) has no merit. **Charleston**, 94 A.3d at 1020.

Appellant next asserts that trial counsel was ineffective for failing to object when Detective John Keen ("Detective Keen") read Hall's statement that someone named Tanisha said that appellant committed the murder. A review of the record reveals that trial counsel did object to Detective Keen's

reading of the statements of Powell and Hall. (Notes of testimony, 8/29/12 at 152-156.) Therefore, the record belies appellant's claim.

Appellant next contends that trial counsel was ineffective for failing to object when the statement of Powell was read to the jury that identified appellant as the person who had "the drug block at Union and Melon Street." (Notes of testimony, 8/28/12 at 188.) Appellant also asserts that trial counsel was ineffective when he failed to object to the reading of Hall's statement that described appellant by his nickname, "K-9" and stated "K-9 didn't know how to run a business, he liked to shoot people." (*Id.* at 295.) Appellant also claims ineffective assistance of counsel when trial counsel did not object to the reading of Hall's statement where, in response to the question of what types of guns appellant carried, Hall answered, "All kinds, revolvers, automatics, he changes guns all the time." (*Id.* at 303.) Appellant argues that a statement about his association with drug dealing does not have a sufficient connection to the crimes with which appellant had been charged and the possession of other guns had no relevance to the case at hand and could only cast him as a violent individual. (Appellant's brief at 22-23.)

Rule 404(b)(2) of the Pennsylvania Rules of Evidence provides:

> **(b)   Crimes, Wrongs or Other Acts.**
>
>    . . . .
>
>    *(2)    Permitted Uses.*  This evidence may be admissible for another purpose, such as

> proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(2).

With respect to these statements, the trial court explained its reasoning for determining that this claim of ineffective assistance of counsel failed:

> The testimony of [] Powell and [] Hall established [appellant's] involvement in the drug trade, in the vicinity of Union Street and Melon Street in the City of Philadelphia, and further described the relationships and roles of the participants in the drug organization as well as the recent circumstances leading to Tobias Berry being believed to be a snitch. This Court determined that the probative value of the evidence outweighed its potential prejudice to [appellant] because the shooting grew out of the circumstances of Tobias Berry being believed to be a snitch and [appellant's] involvement as an enforcer in the drug trade. As such, the evidence was properly introduced at trial for the limited purpose of demonstrating motive for the shooting of Tobias Berry and any objection by trial counsel would have been unwarranted.

Trial court opinion, 12/19/17 at 17-18.

The trial court succinctly explained its conclusion that the evidence was admissible. Generally, the admissibility of evidence is left to the discretion of the trial court. **Commonwealth v. Malloy**, 856 A.2d 767, 775 (Pa. 2004). This court discerns no abuse of discretion. Trial counsel was

not ineffective for failing to object to admissible evidence. These claims of ineffectiveness of counsel were of no merit. ***Charleston***, 94 A.3d at 1020.

Appellant next contends that he was deprived of effective assistance of counsel and a fair trial when trial counsel failed to object to the Commonwealth's closing argument. (Appellant's brief at 23.) First, appellant asserts that the Commonwealth impermissibly reduced the burden of proof when it told the jury that the defense was wrong in analyzing individual failings in the prosecution's case, and that the jury must look at the full package. (***Id.*** at 23-24.) The prosecutor, Brian Zarallo, Esq. ("D.A. Zarallo") stated:

> You know, one of the first things is that you are to take this evidence as a whole, not in a vacuum, and that's important. You're not supposed to do what counsel says and just say, Well there's one problem with that, so we will throw that out. Problem with this, we will throw that out. We will throw that out. Because if you're looking to do that you find a problem with everything and anything. That what the law says, you look at it all together, you don't look at it in a vacuum.

Notes of testimony, 8/30/12 at 242.

With respect to D.A. Zarallo's comments about the witnesses in his closing argument, the applicable law is as follows:

> With specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate

> whether a defendant received a fair trial, not a perfect trial. Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict. The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Commonwealth v. Jones*, 191 A.3d 830, 835-836 (Pa.Super. 2018), quoting *Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa.Super. 2016).

It is appellant's theory that if D.A. Zarallo had not made this statement or if counsel had objected to the statement, there is reasonable probability that the outcome of the trial might have been different.

However, D.A. Zarallo's statement regarding the evidence did not change the burden of proof. The trial court clearly explained the applicable burden of proof in its instructions to the jury. (Notes of testimony, 8/30/12 at 301-303.) The jury is presumed to have followed the trial court's instructions. *See Commonwealth v. Mollet*, 5 A.3d 291, 313 (Pa.Super.

2010). This allegation of ineffectiveness of counsel has no merit. *Charleston*, 94 A.3d at 1020.

Appellant also asserts that the Commonwealth improperly "vouchsafed" for the credibility of two of its witnesses. (Appellant's brief at 24.) Specifically, D.A. Zarallo stated that he was "not mad at" Powell for changing her story. (Notes of testimony, 8/30/12 at 260.) D.A. Zarallo described Hall and Bellmon in the following manner:

> And Hanif Hall had the courage he needed to give this information which was fully corroborated. But didn't have it when it came time to testify. And that's okay, the law gives you the power to get that.
>
> The young man named Rashe Bellmon, and he's a street guy, he's a criminal, he's somebody that probably you don't want to have over for dinner. But I can tell you what else he is, the guy's got courage, he was the only one that had the courage to come into this courtroom and stand up for that kid, the only one. And he went through just as much or worse because we dropped the ball and didn't keep him separated in his cell room. He had to have his family threatened, his life threatened. He got beaten up and sucker punched and crowded on and called a snitch. He went through that. And he still came in here and told you what happened.

Notes of testimony, 8/30/12 at 284-285.

It is appellant's theory that D.A. Zarallo's bolstering of the damaged witnesses led to a reasonable probability that without these arguments, or if trial counsel had objected, the outcome might have been different.

The PCRA court explained why this claim had no merit:

> In the instant matter, the prosecutor's remarks were made in fair response to the respective closing remarks of the defense. . . . With regard to the alleged vouchsafing for the credibility of Commonwealth witnesses, the prosecutor was properly responding to the defense's challenges to witness credibility, which included motivations to fabricate explanations for the witness recantation at trial. The prosecutor's remarks were proper argument and were not of sufficient significance to result in . . . denying [appellant's] right to a fair trial and, as such, any objection by trial counsel would have been frivolous. Accordingly, [appellant's] claim of ineffectiveness must fail.

PCRA court opinion, 12/19/17 at 19 (citation to record omitted).

A review of the record confirms the PCRA court's assessment. Appellant's counsel attacked the credibility of Powell, Hall, and Bellmon. D.A. Zarallo was responding to points made by appellant's trial counsel. There was no reason for counsel to object to these statements made in the Commonwealth's closing. This claim fails as it has no merit. *Charleston*, 94 A.3d at 1020.

Appellant next asserts that he was deprived of the effective assistance of counsel and a fair trial when trial counsel failed to present proof to support the defense of actual innocence to the charge of witness retaliation. Bellmon testified that appellant made inculpatory admissions and that appellant assaulted him because of his role as a testifying witness. Appellant asserts that he advised trial counsel that he could show that, at the time of the assault, appellant had not yet been made aware that Bellmon was an adverse witness and that any fight between Bellmon and appellant

was because of a personal matter unrelated to the homicide charge. Appellant argues that he suffered prejudice. With respect to the charge of witness retaliation, appellant claims that proof of an alternative ground for the assault removes an element of the offense and precludes a conviction on that charge. With respect to the murder charge, appellant claims that without the act of retaliation there is no support for using this type of evidence as "consciousness of guilt" and corroboration for the homicide. (Appellant's brief at 27.)

The PCRA court determined that appellant did not sufficiently develop his claim to enable the necessary analysis to determine whether trial counsel was ineffective. The PCRA court explained:

> Our Supreme Court has long held that "claims of ineffective assistance of counsel are not self-proving [and that an] undeveloped claim of ineffectiveness is insufficient to prove an entitlement to relief."[Footnote 26] [Appellant's] bare assertions related to the timing and nature of the assault leave this Court without any details to assess whether counsel had any such information and, if so, whether counsel's decision to not present such information had a reasonable basis. Moreover, following this Court's colloquy of [appellant] regarding his decision not to testify at trial, this Court engaged in a **lengthy** exchange with [appellant] regarding additional witnesses, motions, and/or defenses that [appellant] wished to have presented. The relevant portion of the transcript provides the following:
>
> . . . .
>
> THE COURT: Okay. Are there any other witnesses, documents, anything else at all that you wish had been presented

> > that were not presented during the course of the trial?
> >
> > [APPELLANT]: No.
> >
> > . . . . [Footnote 27]
> >
> > This extensive exchange provided [appellant] with the opportunity to present any and all concerns to this Court and the transcript is void of any discussion regarding the information [appellant] now asserts he wished to have presented regarding the timing and nature of the assault in the cell room. Accordingly, this Court finds no further support in the record for the instant undeveloped claim of ineffectiveness of trial counsel and, as such, the claim must fail.
> >
> > _____
> >
> > [Footnote 26] *Com[monwealth] v. Jones*, 811 A.2d 994, 1003 (Pa. 2002).
> >
> > [Footnote 27] N.T. 8/30/12 at []131.

PCRA court opinion, 12/19/17 at 7, 9-10 (emphasis in original).

This court agrees with the PCRA court. Appellant may not now assert that trial counsel was ineffective for his failure to present additional evidence where appellant stated before the trial court that he did not wish to have any additional evidence presented. *See Commonwealth v. Pander*, 100 A.3d 626, 642-643 (Pa.Super. 2014), *appeal denied*, 109 A.3d 679 (Pa. 2015). Once again, this claim has no merit. *Charleston*, 94 A.3d at 1020.

Finally, appellant contends that he is entitled to relief under a cumulative error standard in that the cumulative impact of trial counsel's ineffectiveness on the various points appellant raised taken together constituted sufficient prejudice to warrant a new trial. (Appellant's brief

at 29.) Where ineffectiveness claims have been rejected for lack of merit, there is no basis for an ineffective assistance of counsel claim based on an accumulation of claims. *See Commonwealth v. Busanet*, 54 A.3d 35, 75 (Pa. 2012), *cert. denied*, 571 U.S. 869 (2013). As we have rejected appellant's claims of ineffectiveness because they have no merit, appellant's cumulative claim fails as well.

This court concludes that the record supports the PCRA court's decision and that the PCRA court's decision is free from legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/19